## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAVID WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LP CONVERSIONS INC; *et al,* | ) | Case No. 14-2228-CM-KGG |
| | ) | |
| Defendants, | ) | |
| | ) | |

## MEMORANDUM AND ORDER
## DENYING MOTION FOR LEAVE TO ADD
## AN ADDITIONAL COUNTERCLAIM DEFENDANT OUT OF TIME

Now before the Court is the "Motion for Leave to Add an Additional
Counterclaim Defendant Out of Time" filed by Defendants/Counterclaim Plaintiffs
Tech-Services, Inc. and LP Conversions, Inc. (Doc. 29.) For the reasons set forth
below, the motion is **DENIED**.

## BACKGROUND

The factual background of this case was summarized by the District Court in
its recent Memorandum & Order granting in part and denying in part Defendants'
Motion to Dismiss. (*See generally* Doc. 47.) For purposes of the present motion,
it is also relevant to note that the Scheduling Order in this case includes a deadline
of July 25, 2014, for leave to join additional parties or otherwise amend the
pleadings. (Doc. 15, at 7.) Defendants did not file the present motion (Doc. 29)

until September 15, 2014, some seven weeks after the deadline had passed.

Defendants' Motion to Dismiss was filed on July 2, 2014.

## DISCUSSION

Defendants base their argument to add an additional party out of time on

Fed.R.Civ.P. 12(a)(4).  This rule alters the deadline for filing an Answer to a

Complaint following the filing of a Motion to Dismiss.  It does not relate to or

impact deadlines contained in a Court's Scheduling Order.

A motion to modify the Scheduling Order is governed by Fed.R.Civ.P.

16(b)(4), which mandates that "[a] schedule may be modified only for good cause

and with the judge's consent."

> To establish 'good cause' the moving party must show
> that the scheduling order's deadline could not have been
> met with diligence. **Parker v. Central Kansas Medical
> Center**, 178 F.Supp.2d 1205, 1210 (D.Kan.2001);
> **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D.Kan.1993).
> 'This rule gives trial courts 'wide latitude in entering
> scheduling orders,' and modifications to such orders are
> reviewed for abuse of discretion.'  **In re Daviscourt**, 353
> B.R. 674, (B.A.P. 10th Cir.2006) (citing **Burks v. Okla.
> Publ'g Co.**, 81 F.3d 975, 978-79 (10th Cir.1996)).

**Grieg v. Botros**, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug.

12, 2010).  It is well-established in this District that motions to modify a

scheduling order focus "on the diligence of the party seeking to modify the

2

scheduling order." *Id.* (citing *Leviton Mfg. Co., Inc. v. Nicor, Inc*., 245 F.R.D.

524, 528 (D.N.M.2007) (internal citations omitted)).

    Defendants argue they have established the requisite good cause to amend

out of time because the requested modification to the scheduling order would not

delay discovery or impact the rest of the scheduling order, the request would not

"in practice add any new actors to this case," and they originally planned on filing

the counterclaim only if their motion to dismiss were denied.[1]  (Doc. 29, at 2-3.)

None of these arguments establish good cause to modify the Scheduling Order.

Once good cause has been established, a court will address factors such as those

advanced by Defendants – undue delay, undue prejudice to the opposing party, bad

faith or dilatory motive, failure to cure deficiencies by amendments previously

allowed, or futility of amendment – in determining whether leave to amend should

be given pursuant to Fed.R.Civ.P. 15(a).  *Foman v. Davis*, 371 U.S. 178, 182, 83

S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365

(10th Cir.1993).  These factors do not come into play, however, until and unless a

party first establishes good cause under Rule 16(b)(4).

    In other words, Defendants have put the cart before the horse by arguing the

factors impacting to a motion to amend as evidence of good cause for modifying

---

[1]  The District Court granted in part and denied in part that motion.  (*See* Doc. 47.)

the Scheduling Order.  Plaintiff contends that "Defendants could and should have filed their motion long before the deadline [in the Scheduling Order], as the allegations in their counterclaim all concern matters that occurred before this lawsuit was filed, and many months before the July amendment deadline."  (Doc. 36, at 1.)  The Court agrees.  *See **Energy Consumpt. Auditing Servs. LLC v. Brightergy, LLC***, No. 13-2588-CM-KGG, 2014 WL 4542336, *3 (D. Kan. Sept. 12, 2014) (holding that a party that was aware of a potential claim some three months before the Scheduling Order amendment deadline passed failed to establish good cause for not meeting the deadline to amend).

Defendants have offered no substantive reason as to why they did not or could not have moved in a timely fashion or, at a minimum, filed a timely motion to extend the deadline to amend their pleading.  The fact that Defendants originally planned on filing the counterclaim only if their motion to dismiss was denied is a tactical decision, not a legal basis for the Court to grant a motion to modify the Scheduling Order out of time.  To the contrary, if Defendants were aware that they would want to amend their pleadings depending on the outcome of their Motion to Dismiss, they should have filed a timely motion to modify the Scheduling Order.  As such, Counterclaim Defendants' motion (Doc. 29) is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Add

Additional Counterclaim Defendant Out of Time (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 14th day of September, 2014.


 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge