## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAVID WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-2228-CM-KGG |
| vs. | ) | |
| | ) | |
| LP CONVERSIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM & ORDER

Now before the Court is Plaintiff's Motion to Compel.  (Doc. 41.)  Having reviewed the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion as more fully set forth herein.

## BACKGROUND

Plaintiff's Complaint brings the following claims against Defendants:  1) violation of the Kansas Securities Act; 2) fraudulent misrepresentation and inducement; 3) fraud by silence; 4) negligent misrepresentation; 5) breach of fiduciary duty; 6) breach of contract; 7) conversion; and 8) accounting.  (*See* Doc. 1.)  The factual background of this case was summarized by the District Court in its recent Memorandum & Order granting in part and denying in part Defendants' Motion to Dismiss.  (*See generally* Doc. 47.)  That summary is incorporated herein by reference.  At issue in the present motion are several discovery requests from

Plaintiff seeking certain financial information and customer agreements regarding Defendants.[1]  (*See generally* Doc. 41-1.)

## DISCUSSION

**A.      Standards for Motions to Compel.**

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both relevant and nonprivileged to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  *Smith v. MCI*

---

[1] Defendants contend that the parties have resolved their difference in regard to Request for Production No. 2 relating to various corporate documents.  (Doc. 46, at 1.) Plaintiff does not controvert this statement in his reply memorandum, thus the Court will not address Request No. 2 in this Order.

*Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face.  *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000).  Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited.  If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence.  *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995).  Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Id*., 650.

"Unless a request is overly broad, irrelevant, or unduly burdensome on its

face, the party asserting the objection has the duty to support its objections."
*Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36
(D.Kan.2004) (citing *Hammond v. Lowe's Home Ctrs., Inc*., 216 F.R.D. 666, 670
(D.Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136
F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request
based on relevancy grounds bears the burden of explaining how "each discovery
request is irrelevant, not reasonably calculated to the discovery of admissible
evidence, or burdensome").  Thus, "the objecting party must specifically show in
its response to the motion to compel, despite the broad and liberal construction
afforded by the federal discovery rules, how each request for production or
interrogatory is objectionable."  *Sonnino*, 221 F.R.D. at 670–71 (internal citation
omitted).

The Court finds that, given the broad definition of discovery relevance,
Defendants have not adequately supported their objections and the relevance of the
requested documents is apparent.  The Court's analysis thus turns to the remaining
substantive issues regarding the production of the information requested.

**B.      Discovery Requests at Issue.**

Request No. 3 seeks "[a]ll financial and accounting records for LP
Conversions, Inc. and Tech-Services, Inc. for 2013 and 2014 . . . ."  (Doc. 41-1, at

2.)  Request No. 4 seeks "[a]ll customer agreements for LP Conversions, Inc. and Tech-Services, Inc." (*Id*.)  Request No. 7 asks for "[a]ll documents showing the transfer and disposition of the monies paid by Plaintiff to LP Conversions, Inc." (*Id*., at 5.)  Request No. 11 seeks "[a]ll documents showing withdrawals, deposits, and transfers of funds during 2013 and 2014 to and from present and former accounts of LP Conversions, Inc. and Tech-Services, Inc." (*Id*., at 7.)

In response to Plaintiff's motion, Defendants argue that disclosure of the information to a competitor would "cripple Defendant's businesses." (Doc. 46, at 2.)  Defendants contend that good cause exists to limit access to this information to "attorneys eyes only" and/or redacting "all specific customer information." (*Id*.)  These two requested remedies will be discussed in turn.

### 1.    Attorneys eyes only.

Defendants have sited numerous cases in which Courts from this District have allowed such a remedy. (*Id*., at 3-4.)  Plaintiff replies prohibiting him from viewing the information is "absurd" because he is not a competitor of Defendants. (Doc. 48, at 1.)  The Court agrees that the cases cited by Defendants are not applicable to the present situation because those cases "involve direct competitors and thereby involve an apparent risk in disclosing true trade secret information . . . ." (*Id*., at 2.)  Defendants have not adequately established how disclosing the

5

information requested to Plaintiff would put them at risk or competitive disadvantage.

Plaintiffs also argue that the "attorneys eyes only" limitation is "totally unnecessary in light of the existing [Protective] Order" currently entered in this case. (*Id.*) Again, the Court agrees. The Protective Order has the stated purpose "to limit disclosure, dissemination, and use of certain identified categories of confidential information" and allows parties to mark certain documents as confidential as needed. (Doc. 17.) Defendants have not established that these protections are insufficient to protect the information involved.

## 2. Redactions.

In the alternative, Defendants request a limited redaction of "all information from these documents that would permit identification of the identity and/or location of their specific customers." (Doc. 46, at 7.) Defendants argue that "[n]one of Plaintiff's claims rest on this knowledge of specific customers or on the nature of these transactions," but rather simply seek to track the proceeds of sales to Defendant LP Conversions. (*Id.*)

Plaintiff gives only passing mention to this suggested compromise, and merely replies that "[t]here is no need for redaction of customer information, which already is protected from disclosure by the existing Order." (Doc. 48, at 2.)

6

Plaintiff does not discuss how or why the identity and/or location of Defendants'

specific customers is necessary – or even helpful – to the prosecution of his claims.

As such, the Court will allow Defendants to redact this information from the

documents ordered to be produced herein.


**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc.

41) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

The documents to be produced by Defendants in compliance with this Order shall

be provided, in redacted form, to Plaintiff's counsel **within 30 (thirty) days of the

date of this Order**.

Dated at Wichita, Kansas, on this 18th day of November, 2014.


 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge