IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID WOOD,

    **Plaintiff,**

    v.

LP CONVERSIONS, INC, *et al.*,

    **Defendants/Counterclaimants.**

Case No. 14-2228-CM

# MEMORANDUM AND ORDER

Plaintiff David Wood filed his original action in Johnson County District Court, but the case was removed to this court. Plaintiff then filed an Amended Complaint on June 11, 2014 (Doc. 8). On July 2, 2014, defendants Joseph Deven Hurst, LP Conversions, Inc. ("LP"), and Roger Simons answered that Amended Complaint (Doc. 11); defendant Tech-Services Inc. ("Tech-Services") filed a motion to dismiss plaintiff's Amended Complaint.[1] (Doc. 12.) On September 15, 2014, Tech-Services filed its own Answer to the Amended Complaint, alleging a counterclaim against plaintiff Wood.[2] (Doc. 28.) The counterclaim, however, was purportedly brought on behalf of both Tech-Services and LP. (*See* Doc. 28 at 10.) Plaintiff thus filed two separate motions to dismiss that counterclaim: one against Tech-Services (Doc. 34) and one against LP (Doc. 37).[3] Those motions are currently before the court, and the court will consider them as though they were a single motion.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim.

---

[1] All defendants are represented by the same counsel.
[2] Tech-Services also alleged a counterclaim against Magic Woods, Inc., which is no longer a party to this action. (*See* Doc. 54.)
[3] Defendants Tech-Services and LP jointly filed their response to those motions. (Doc. 46.)

-1-

*See* Fed. R. Civ. P. 12(b)(6).  Rule 13 governs counterclaims.  *See* Fed. R. Civ. P. 13.  The Supreme Court set forth the new standard for pleadings in *Twombly*, stating that pleadings should include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "The pleading should include 'more than labels, conclusions, and a formulaic recitation of the elements of a cause of action.'" *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008)).  The court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [non-movant]." *Burnett v. Mtg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  And the court must "resolve all reasonable inferences in the [the non-movant's] favor." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126–27 (10th Cir. 1998)).

**II.  Analysis**

Plaintiff requests that the court dismiss the counterclaim for three reasons:  (1) the counterclaim is a compulsory counterclaim and is thus untimely; (2) the allegations in the counterclaim are false and frivolous; and (3) the counterclaim was asserted for an improper purpose—to avoid production of key financial documents and information.  Notably, plaintiff cites no case law in either motion.  The court will review each argument in turn.

First, plaintiff claims that the counterclaim is compulsory and, thus, LP should have asserted the counterclaim in its Answer to plaintiff's First Amended Complaint, which LP filed on July 2, 2014.  Although plaintiff does not cite authority for his argument, Federal Rule of Civil Procedure 13 supports plaintiff—at least with respect to LP.  Fed. R. Civ. P. 13(a)(1).  Defendants' counsel does not dispute that the counterclaim is compulsory.  The court finds that defendants' counterclaim is compulsory.  Because LP filed an Answer to plaintiff's First Amended Complaint on July 2, 2014 that

did not assert any counterclaims, the court determines that LP waived any compulsory counterclaims against plaintiff. *Id.* But defendants' counsel argues that Tech-Services's compulsory counterclaim against plaintiff is timely.[4] The court agrees. Tech-Services's counterclaim against plaintiff is timely because Rule 12 altered Tech-Services's deadline for filing its answer to plaintiff's Amended Complaint. Ordinarily, a defendant must serve an answer within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If a party files a motion under Rule 12, that deadline is changed: "[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). The court denied Tech-Services's motion to dismiss the Amended Complaint (Doc. 47) on October 24, 2014. (Doc. 47.) Tech-Services therefore had until November 8, 2014 to file its Answer. Because Tech-Services filed its Answer (Doc. 28) on September 15, 2014, Tech-Services's counterclaim is timely. Accordingly, Tech-Services is the only defendant with a counterclaim against plaintiff.

Second, plaintiff claims that the allegations in the counterclaim are false and frivolous. Plaintiff provides an email in support of his claim. (Doc. 35-1.) Tech-Services argues that this email cannot even be considered by the court because it is outside the pleadings. The court agrees. "Where a party has moved to dismiss under Rule 12(b)(6) . . . and matters outside of the pleadings have been presented to the court for consideration, the court must either exclude the material or treat the motion as one for summary judgment." *Alexander v. Oklahoma*, 382 F.3d 120, 1214 (10th Cir. 2004) (quoting *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)). The court declines to treat plaintiff's motion as one for summary judgment because discovery has yet to occur on this counterclaim. Thus, plaintiff's email cannot be considered by the court in evaluating Tech-Services's motion to dismiss.

---

[4] In the motion to dismiss with respect to Tech-Services, plaintiff does not argue that Tech-Services's counterclaim is untimely.

Third, plaintiff maintains the counterclaim has been asserted for an improper purpose—to avoid production of Tech-Services's key financial documents and information. Because plaintiff cites no authority for this position and offers nothing but unsupported conclusions, the court is unpersuaded. There is nothing before the court suggesting that Tech-Services has asserted this counterclaim for an improper purpose.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss with respect to Tech-Services (Doc. 34) is denied, but plaintiff's motion to dismiss with respect to LP (Doc. 37) is granted. The only parties to the counterclaim are Tech-Services, Inc., and plaintiff David Wood.

**IT IS SO ORDERED.**

Dated this 23rd day of December, 2014, at Kansas City, Kansas.

            <u>s/ Carlos Murguia</u>
            **CARLOS MURGUIA**
            **United States District Judge**

5