# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID WOOD,                              )
                                         )
       Plaintiff,            )
                                         ) Case No. 14-2228-CM-KGG
vs.                                      )
                                         )
LP CONVERSIONS, *et al.*,                )
                                         )
       Defendants.           )
_____ )

## MEMORANDUM & ORDER

Now before the Court is Plaintiff's Motion to Compel. (Doc. 76.) Having reviewed the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion as more fully set forth herein.

## BACKGROUND

Plaintiff's Complaint brings the following claims against Defendants: 1) violation of the Kansas Securities Act; 2) fraudulent misrepresentation and inducement; 3) fraud by silence; 4) negligent misrepresentation; 5) breach of fiduciary duty; 6) breach of contract; 7) conversion; and 8) accounting. (*See* Doc. 1.) The factual background of this case was summarized by the District Court in its Memorandum & Order granting in part and denying in part Defendants' Motion to Dismiss. (*See generally* Doc. 47.) That summary is incorporated herein by reference.

The present motion involves the continuation of issues that were the subject of Plaintiff's previous motion to compel (Doc. 41) and this Court's Order granting that motion in part (Doc. 57).  Included in these issues are the sufficiency of Defendants' production of certain financial records and whether Defendants have redacted more information than allowed by the Court's prior Order.  Plaintiff also raises issue with Defendants' itemization of counterclaim damages and communications with John Deere.

## DISCUSSION

**A.    Financial records.**

Following this Court's prior Order (Doc. 57), Plaintiff received additional responsive documents from Defendants on January 30, 2015.  Plaintiff contends, however, that

> several categories of critical documents still have been withheld from production, including cancelled checks for Defendants Tech Services/LP Conversions accounts, QuickBooks printouts for Tech Services/LP Conversions accounting records (including but not limited to Profit and Loss Statements and Balance Sheets), and account statements for Tech Services/LP Conversions money market account.

(Doc. 76, at 2.)  Plaintiff states that Defendants subsequently promised that these documents would be provided, but that, as of the filing of this motion, the documents had not been produced.  (*Id.*)

2

In regard to the financial records, Defendants respond that they received cancelled checks from their bank "after a significant delay," but were providing them to Plaintiff pursuant to the Court's prior redacting guidelines. (Doc. 88, at 2; Doc. 57, at 6-7.) Defendants indicated they were providing "a redacted check register for LP Conversions that is materially identical to the quickbooks printouts" that they believed would be acceptable to Plaintiff based on prior conversations. (Doc. 88, at 2.) Defendants agreed to supplement the production of statements for LP Conversions' money market account. (*Id.*) Defendants also indicated they would provide "redacted copies of carbon checks and the remaining bank statements for Tech-Services, Inc." (*Id.*) Defendants contend that they had previously produced all P&L statements in their possession. (*Id.*)

Plaintiff replies that "in response to Plaintiff's pending Motion to Compel, Defendants produced a Balance Sheet and Profit and Loss Statement." (Doc. 94, at 2.) According to Plaintiff, however, Defendants' production was insufficient as they "did not produce copies of the subcategory entry information from QuickBooks, nor have they produced the underlying financial documents from which the information purportedly was gathered." (*Id.*, at 2-3.) Defendants are thus directed to provide the underlying information for the categories of information contained in the P&L Statement, including, but not limited to, "Payroll

Expenses," "Travel Expenses," "Automobile Expense," and inventory.  (*See id.*, at 3.)

**B.     Redaction of documents.**

Plaintiff also replied Defendants' documents were improperly redacted beyond what was allowed in the Court's prior Order.  In that Order, the Court adopted Defendants' suggestion to allow redaction of "all information from these documents that would permit identification of the identity and/or location of their specific customers."  (Doc. 46, at 7; Doc. 57, at 6-7.)  Plaintiff replies that Defendants redactions include "large business expenditures" that do not relate to the identity or location of customers.  (Doc. 94, at 2.)  Rather, according to Plaintiff, Defendants "are concealing the identity of various vendors, and/or possibly redacting their own names or those of other related persons who are receiving funds."  (*Id.*)

Plaintiff contends that he "is entitled to know where Defendants are disbursing funds, especially in such substantial amounts, and the Court already has ordered production of that information."  (*Id.*)  The Court agrees.  Defendants are directed to provide unredacted copies of the documents involved, including, but not limited to, the documents bullet-pointed on pages 1-2 of Plaintiff's reply brief.  (*Id.*)  The Court will not, however, lift the redaction restriction entirely as

requested by Plaintiff.

**C.     Miscellaneous issues.**

Plaintiff also argues that Defendant Tech Services "has not produced the documents supporting its itemization of purported counterclaim damages . . . nor has Defendant produced documents reflecting contacts and communications with John Deere . . . ."  (Doc. 76, at 2.)  Defendants respond that they previously produced to Plaintiff all documents relating to Defendants' itemization of damages, particularly those relating to the $700,000 in sales and 35% profit margin mentioned in a February 2015 email to Plaintiff.  (*Id.*)  As to the John Deere information, Defendants stated that they were producing "a copy of the November, 2014 letter from John Deere regarding contract termination to Plaintiff."  (*Id.*)  These issues are not addressed in Plaintiff's reply brief.  (*See generally* Doc. 94.)  As such, the Court surmises that Defendants' explanation adequately satisfied Plaintiff's needs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 76) is **GRANTED in part** as more fully set forth herein.  The information to be produced by Defendants in compliance with this Order shall be provided  to Plaintiff's counsel **within 30 (thirty) days of the date of this Order**.

Dated at Wichita, Kansas, on this 18th day of August, 2015.

                                    S/ KENNETH G. GALE
                                    KENNETH G. GALE
                                    United States Magistrate Judge